**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 99-10831
Summary Calendar

EMANUEL OBAJULUWA,

Petitioner - Appellant,

VERSUS

JOHN ASHCROFT, Attorney General, United States of America;

IMMIGRATION AND NATURALIZATION SERVICE;

ARTHUR E. STRAPP, District Director,

Respondents-Appellees.

Appeal from the United States District Court
for the Northern District of Texas
(3:99-CV-285-P)

October 25, 2001

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before WIENER, Circuit Judge; STEWART, Circuit Judge; and
ROSENTHAL, District Judge.[*]

PER CURIAM:[**]

Emanuel Obajuluwa appealed the district court's dismissal of

his petition for a writ of habeas corpus under 28 U.S.C. § 2241,

---

[*]      District Judge of the Southern District of Texas, sitting
by designation.

[**]      Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

challenging an Immigration and Naturalization Service final order removing him from this country based on the felony conviction that followed his guilty plea. The district court held that it lacked jurisdiction over Obajuluwa's section 2241 petition for habeas relief. This court applied the relevant Fifth Circuit case, <u>Max-George v. Reno</u>, 205 F.3d 194 (5th Cir. 2000), and affirmed. The Supreme Court subsequently decided <u>INS v. St. Cyr</u>, 121 S. Ct. 2271 (2001), holding that the permanent rules of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA) do not divest district courts of habeas jurisdiction to review removal orders. The Supreme Court vacated both <u>Max-George</u>[1] and the present case, remanding them for further proceedings in light of <u>St. Cyr</u>. Following <u>St. Cyr</u>, we vacate the district court's judgment dismissing Obajuluwa's section 2241 petition for want of habeas jurisdiction.

In <u>St. Cyr</u>, the Supreme Court also held that the Antiterrorism and Effective Death Penalty Act ("AEDPA") and the IIRIRA did not retroactively eliminate eligibility for discretionary relief under section 212(c) of the Immigration and Naturalization Act for aliens, such as Obajuluwa,"whose convictions were obtained through plea agreements and who, notwithstanding those convictions, would have been eligible for § 212(c) relief at the time of their plea under the law then in effect." 121 S. Ct. at 2293. The merits of

---

[1]     <u>Max-George v. Ashcroft</u>, 121 S. Ct. 2585 (2001).

2

Obajuluwa's claim cannot be decided on the record before this court.

The judgment of the district court is VACATED and this case is REMANDED to the district court for further proceedings.